NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0413n.06
Filed: June 19, 2006

No. 05-3318

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **HERBERT DELAWDER**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **PLATINUM FINANCIAL SERVICES CORP., et al.**, | ) | **O P I N I O N** |
| | ) | |
| | ) | |
| *Defendants-Appellants*. | | |

BEFORE:     COLE, GIBBONS, and ROGERS, Circuit Judges.

R. GUY COLE, JR., Circuit Judge.

Defendants, a debt collection agency and its attorneys, seek collateral review of a district

court order rejecting their claim of absolute immunity from suit for statements they made as

"participants in the judicial process." For the following reasons, we dismiss this appeal for lack of

jurisdiction, and we decline to grant mandamus relief.

**I.**

Defendant-Appellant Platinum Financial Services, Inc. ("Platinum Financial") is a company

that specializes in the purchase and collection of distressed consumer debt. Through its counsel,

Javitch, Block & Rathbone LLP ("JB&R"), also a defendant in this matter, Platinum Financial

brought a debt collection action against Plaintiff-Appellee Herbert Delawder in 2003 in municipal

court in Lawrence County, Ohio. Nena Pavlovic, also a defendant, is an attorney at JB&R who participated in the representation of Platinum Financial in its suit against Delawder. Attached to the complaint served upon Delawder was a notarized affidavit representing that Delawder owed $5,355.60. Delawder filed a timely answer and sought discovery from Platinum Financial. Having received no response to a deposition notice, Delawder threatened to move for sanctions if Platinum Financial did not comply with discovery obligations. Platinum Financial voluntarily dismissed its suit against Delawder before any discovery was conducted.

Delawder brought suit against the defendants, alleging that the affidavit accompanying the defendants' complaint had falsely stated that he owed $5,355.60, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692o, and the Ohio Consumer Sales Practices Act (CSPA), Ohio Rev. Code § 1345.01–.99. The defendants sought dismissal of all of Delawder's claims, arguing, among other things, that attorneys and their clients are shielded by absolute immunity under both federal and state law for statements made in the course of judicial proceedings. The court granted in part the defendants' motion to dismiss, finding that Delawder had failed to state a claim under several provisions of the FDCPA and CPSA, but rejected the defendants' absolute immunity arguments and denied the defendants' motion to dismiss as to Delawder's claims under 15 U.S.C. §§ 1692e(2), 1692e(10), and 1692f(1), and Ohio Rev. Code § 1345.02(B)(10).

The defendants appeal the district court's partial denial of their motion. They reassert their argument for absolute immunity, and assert that this Court has jurisdiction to consider their immunity argument under the collateral order doctrine. They also reassert various First Amendment,

Tenth Amendment, and statutory interpretation defenses that they claim are "inextricably intertwined with their claims of immunity." In the alternative, the defendants seek a writ of mandamus ordering the same remedy sought in their appeal.

## II.

This court has appellate jurisdiction over "final decisions" of the district courts, except those that are appealable directly to the Supreme Court. 28 U.S.C. §1291. "Final decisions" include a "small class" of orders that, while not finally resolving the entire litigation, "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949). This rule, frequently referred to as the "collateral order doctrine," has been applied to permit interlocutory appeals from denials of "substantial claim[s]" of absolute immunity, *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985), in circumstances where the party claiming immunity seeks "avoidance of a trial that would imperil a substantial public interest," *Will v. Hallock*, 126 S. Ct. 952, 959 (2006).

The defendants argue that all necessary participants in a judicial proceeding enjoy absolute immunity from suit for statements made in and pertaining to the proceeding, and that this immunity extends to private attorneys and civil plaintiffs such as themselves. The defendants rely upon Supreme Court cases that have recognized immunity from suit in certain circumstances for judges, *see Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871), for prosecutors, *see Burns v. Reed*, 500 U.S. 478, 484-85 (1991), and for third party

witnesses, *see Briscoe v. LaHue*, 460 U.S. 325, 330-34 (1983), as well as cases that acknowledge an English common law protection for private attorneys from damages liability, *Burns*, 500 U.S. at 490 (quoting *King v. Skinner*, (1772) 98 Eng. Rep. 529, 530 (K.B.)); *Briscoe*, 460 U.S. at 330-31, 335. Consistent with their position in district court, *see* JA 58-59, the defendants at oral argument explicitly disclaimed reliance upon the doctrine of witness immunity, and instead characterized their defense as an argument for "advocacy immunity." They argue that this theory of immunity provides jurisdiction for an interlocutory appeal under the collateral order doctrine.

In *Kelly v. Great Seneca Financial Corp.*, 447 F.3d. 944, 949-51 (6th Cir. 2006), we rejected the defendants' arguments for the existence of an absolute advocacy immunity that would provide the basis for an interlocutory appeal. As *Kelly* makes clear, we have no jurisdiction to consider the defendants' interlocutory appeal in this case. Because we lack jurisdiction to consider the defendants' immunity claim, we also lack pendent appellate jurisdiction over the defendants' other "inextricably intertwined" defenses. *See id.* at 951.

**III.**

By letter filed with this Court on April 26, 2006, pursuant to Federal Rule of Appellate Procedure 28(j), the defendants also request, in the event that we find jurisdiction lacking under the collateral order doctrine, that we construe the defendants' notice of appeal as an application for a writ of mandamus. Mandamus relief is appropriate only in "extraordinary situations." *Kelly*, 447 F.3d at 951 (quoting *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)). When considering whether to grant mandamus relief, we look to whether: (1) the party has no other adequate means to attain the relief desired, (2) the party will be damaged or prejudiced in a way not

correctable on appeal, (3) the district court's order is clearly erroneous, (4) the district court's order

demonstrates an oft-repeated error or persistent disregard for federal law or procedure, or (5) the

district court's order raises new and important problems or issues of first impression. *Id.* (citing

*United States v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 473 (6th Cir. 2006)).

Consideration of each of these factors leads us to conclude that mandamus relief is not warranted.

**IV.**

For the preceding reasons, this appeal is dismissed for lack of jurisdiction.